Edward M. O’Gorman, J.
This is an action to recover upon a performance bond and a labor and material bond issued by the defendant. The action was commenced by service upon the Superintendent of Insurance pursuant to section 59-a of the Insurance Law. The defendant, a Pennsylvania corporation, has moved to dismiss the complaint on the ground that the court did not have jurisdiction over the defendant, and on the further ground that the action has been brought in an inconvenient forum.
The defendant contends that it does not now, nor has it ever transacted business in the State of New York, and therefore section 59-a of the Insurance Law cannot subject it to the jurisdiction of this court. With respect to the bonds in question, the defendant avers that it did not authorize the issuance of the bonds, did not receive any of the premiums, and had no knowledge thereof until a notice of claim was forwarded to it.
It is defendant’s contention that its agent issued the bonds in question without authority to do so. In this connection, plaintiffs’ moving papers do not deny the limitation on the agent’s authority, but assert that the agent of the defendant had the apparent authority to issue the bonds in question, pursuant to the power of attorney under which he was acting.
The preliminary issue to be decided is whether or not the act of the agent under these circumstances in issuing bonds *68 covering an Orange County construction project thereby constituted the transaction of business on the part of the defendant in this county. To quote from Ford v Unity Hosp. (32 NY2d 464, 471 [Burke, J.]): "The criterion, then, for subjecting a foreign insurance company to our jurisdiction is the 'minimal contacts’ test outlined in International Shoe, McGee and Hanson v Denckla — the pivotal question being whether the defendant 'purposefully’ availed itself of the 'privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws’ (357 US, at p 253; see, also, Parke-Bernet Galleries v Franklyn, 26 NY2d 13; McKee Elec. Co. v Rauland-Borg Corp. 20 NY2d 377; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443). And, as the Hanson court emphasized, the requisite contacts with the forum State must result from activities of the defendant, and not those of the party seeking to assert jurisdiction. 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.’ (357 US, at p 253).”
In that connection, the court also stated (pp 471-472): "Nor can the issuance of the cover letter by National be held to constitute sufficient contacts with New York to justify an assertion of jurisdiction over Seguros. In the first place, it is conceded that National was unauthorized to issue the cover letter, and that Mid-Continent had, in fact, directed it not to issue such a policy.”
It may be true that the agent Carlin in this case had apparent authority to bind the defendant to honor the bonds which Carlin issued. However, the issue now before us is whether a court of the State of Pennsylvania or a court of the State of New York is the proper court in which to enforce that obligation, and on that issue, in view of the fact that the actual limitation on the authority of the agent Carlin has not been denied, the court finds that whatever may be the state of his apparent authority to issue bonds covering projects in the State of New York, it is not sufficient to confer jurisdiction upon the State of New York over an action to enforce the bonds.
The motion to dismiss the complaint herein will be granted.