■ MELVILLE INDUSTRIAL ASSOCIATES, INC., Respondent-Appellant, v RAMADA INNS, INC., Appellant-Respondent.—Order of the Supreme Court, Nassau County, dated May 8, 1975 and entered in Suffolk County, affirmed, without costs. In our opinion, there are triable issues of fact which preclude the grant of summary judgment to either party. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ MIDDLETOWN PLAZA ASSOCIATES et al., Appellants, v UNITED SURETY AND FINANCIAL GUARANTEE COMPANY, Respondent.—In an action *inter alia* for a declaratory judgment, plaintiffs appeal from an order of the Supreme Court, Orange County, dated March 17, 1975, which granted defendant's motion *inter alia* to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8). Order reversed, on the law, with $50 costs and disbursements, and motion remanded to Special Term for a hearing and a new determination on the issue of jurisdiction. No fact issues were presented on this appeal. The resolution of the question of whether the court has jurisdiction stems from whether defendant's agent had actual or apparent authority to issue bonds outside Pennsylvania (Insurance Law, § 59-a, subds 1, 2). Plaintiffs should be given the opportunity to present evidence, if they can, to establish that the agent who issued the bonds to the subcontractor, Bernard H. Steinke, Inc., had actual or apparent authority to do so. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur. [81 Misc 2d 66.]

■ RUTH MITTELMAN et al., Appellants, v HAROLD GOLDHABER, Doing Business as Associated Food Store, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from two orders of the Supreme Court, Kings County, dated July 31, 1975 and September 24, 1975, respectively, each of which denied their single motion to vacate the dismissal of their complaint and to restore the action to the calendar for trial. Orders reversed, in the interests of justice, without costs or disbursements, and motion granted. Under the circumstances of this case, the denial of the motion to vacate the dismissal of the complaint was an improvident exercise of discretion. Hopkins, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.